IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTRUCTION SOLUTIONS INTERNATIONAL LLC & CHRISTOPHER J. MATHER, | : : : : | CIVIL ACTION |
| Plaintiffs, | : : | NO.  08-1805 |
| v. | : : | |
| INTERNATIONAL ACQUISITIONS & HOLDINGS, INC., CARL LANE, LYNIDA LANE, DAVID A. WILD, GLOBAL RESOURCES, INC., & JOHN/JANE DOES, | : : : : : : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

BUCKWALTER, S. J.                                                                                            October 4, 2012

**I.      BACKGROUND**

A trial/default judgment hearing was held in this case on June 25, 2012.  Plaintiff Construction Solutions International, LLC, and its representative Plaintiff Christopher J. Mather, were the only parties to appear.  On June 27, 2012, the Court issued its Findings of Facts, and found that Plaintiffs and Defendant Global Resources, Inc.—through its president, Defendant David A. Wild—had entered into an agreement entitled "Repayment of Venture Capital Investment."  (See Docket No. 42.)  The Court concluded that all Defendants, including Defendant Wild, had agreed to pay $120,000 within seven days of receipt of certain funds invested by Plaintiffs.  (Id.)  As of the date of the hearing, none of the money had been paid, and the Court ruled that Defendants owed Plaintiffs $198,041.92.  (Id.)

On July 24, 2012, Defendant Wild—who has now obtained counsel—filed the present Motion to Amend Judgment, and Plaintiffs filed their Response in Opposition on August 7, 2012.

## II. STANDARD OF REVIEW

A party may move to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e); see also E.D. Pa. Civ. R. 7.1(g) ("Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the judgment, order, or decree concerned."). A party moving for reconsideration of a court's decision must demonstrate "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [previously]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "Because of the courts' interest in the finality of judgments, motions for reconsideration should be granted sparingly." Tomasso v. Boeing Co., No. Civ.A.03-4220, 2007 WL 2458557, at *2 (E.D. Pa. Aug. 24, 2007) (citing United States v. Bullock, No. Civ.A.98-5023, 2005 WL 352854, at *1 (E.D. Pa. Jan. 24, 2005)).

## III. DISCUSSION

As a preliminary matter, the Court notes that the present Motion to Amend Judgment was filed after the time specified by Rule 7.1(g) of the Local Rules of the United States District Court for the Eastern District of Pennsylvania—which would have required Defendant Wild to file his Motion fourteen days after the entry of judgment—but before the twenty-eight day requirement

set forth in Federal Rule of Civil Procedure 59(e). "The court may waive application of a Local Rule where: (1) 'it has a sound rationale for doing so,' and (2) doing so 'does not unfairly prejudice a party who has relied on the local rule to his detriment.'" Lang v. Houser, No. Civ.A.11-4638, 2012 WL 2135575, at *1 n.4 (E.D. Pa. June 13, 2012) (quoting United States v. Eleven Vehicles, 200 F.3d 203, 215 (3d Cir. 2000)). Because the Court finds that addressing Defendant Wild's arguments would help resolve this litigation, and because Plaintiffs have not demonstrated detrimental reliance on the Court's June 27, 2012 Order, it waives the Local Rule and considers the Motion.

Turning to the merits of the Motion to Amend Judgment, Defendant Wild essentially seeks to eliminate his personal liability for the judgment. (Def. Wild's Br. Supp. Mot. Amend J. ("Def.'s Br.") 1.) He argues that he signed the "Repayment of Venture Capital Investment" agreement in his corporate capacity, and did not assume individual liability for the debt at issue. (Id. at 4.) He notes that the agreement says "the undersigned Global Resources, Inc. (the "Borrower"), at 5300 North Park Place, NE Cedar Rapids, IA 52403 (Mr. David A. Wild, President), *on behalf of* International Acquisitions & Holdings, Inc. . . . Global Resources, Inc. agrees to pay . . . ." (Def. Wild's Mot. Am. J., Ex. A (emphasis added).) According to Defendant Wild, this language demonstrates that he did not have any personal obligation regarding the transaction. (Def.'s Br. 6.)

The Court is unpersuaded. Because none of the Defendants—including Defendant Wild—appeared at the hearing, the only testimony and evidence presented to the Court came from Plaintiffs. Mr. Mather testified that the parties intended for all Defendants to be personally

liable in the event of default.[1]  In addition, the agreement states as follows: "In the event of default by Global Resources, Inc. or International Acquisitions & Holdings, Inc., Constructions Solutions International, LLC will have the right to litigate all named parties above, both *personally* and as organizations, including the trusts that encompass IAH."  (Def. Wild's Mot. Amend J., Ex. A (emphasis added).)  This evidence provided the Court with a sufficient factual and legal basis to conclude that Defendant Wild was in fact personally liable for the debt.  Accordingly, there is no clear error of law or fact.

The Court is also unpersuaded that the judgment entered against Defendant Wild creates manifest injustice.  All of the legal and factual arguments made by Defendant Wild in his Motion to Amend Judgment could have been raised at the hearing or via a properly filed motion prior to the hearing.  Furthermore, in explaining why he could not attend the hearing, Defendant Wild refers only vaguely to financial difficulties.  (See David A. Wild's Aff. Supp. Mot. Amend J. ¶ 5 ("I could not appear at the June 25, 2012 trial because I did not have sufficient current liquidity to travel from Iowa to Philadelphia for the trial.").)  The Court finds that Defendant Wild has not set forth good grounds to excuse his absence, and so his Motion to Amend Judgment is denied.

## IV.     CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiffs presented sufficient

---

[1]     N.T. p. 20, Mather testified that Wild prepared the agreement and at N.T. p. 22, the following testimony of Mather appears:
Q.     Okay.  But it's fair to say that under this agreement, notwithstanding Global Resources and/or Mr. Wild, was at least guaranteeing the – the investment, correct?
A.     Absolutely.
Q.     Okay.
A.     Because I had told them that it wouldn't – I wouldn't do the deal unless I had the guarantees.

evidence at the June 25, 2012 trial/default judgment hearing to prove that Defendant Wild was personally liable for the debt stemming from the "Repayment of Venture Capital Investment" agreement. The Court also finds that Defendant Wild has not set forth good grounds for his failure to appear at the hearing, and that no manifest injustice would result from holding him liable for the judgment. Accordingly, the following order is entered:

**AND NOW**, this 4th day of October, 2012, it is hereby **ORDERED** that Defendant's Motion to Amend Judgment (Docket No. 43) is **DENIED**.

This case is **CLOSED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S. J.